# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 21-30143
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-64-4

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Brandon Brown appeals the sentence imposed following his 18 U.S.C. § 924(o) conviction for conspiracy to commit the § 924(c) offense of using, carrying, brandishing, and discharging firearms in relation to a crime of violence.  Brown challenges the substantive reasonableness of his 84-month

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30143

prison sentence, which was above his advisory guidelines range of 46 to 57 months.

First, Brown argues that he, unlike his co-defendant, never brandished a firearm during a robbery and that the district court should not have imposed an above-guidelines sentence in his case based on concerns that his co-defendant received a longer aggregate sentence. Next, Brown argues that the district court should not have relied on the fact that he gave a firearm to his co-defendant because that fact was already accounted for by the Sentencing Guidelines in his offense level calculations. Last, Brown contends that the district court erred in finding that he organized the robberies when he did not receive a role adjustment under U.S.S.G. § 3B1.1.

Brown has not shown that the court plainly erred. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (applying a plain error standard of review when defendant did not object to the reasonableness of his sentence). His arguments do not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Rather, the factors noted by Brown are all permissible for consideration under § 3553(a) in determining whether a non-guidelines sentence is warranted. *See* § 3553(a)(6) (need to avoid unwarranted disparities); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (factors already accounted for by the Guidelines); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (relevant conduct); *Smith*, 440 F.3d at 706, 708-09 (factors not accounted for by the Guidelines). Although Brown's sentence is 27 months above the top of his guidelines range, we have upheld greater variances. *See, e.g.*, *Key*, 599 F.3d at 475-76.

Accordingly, the judgment of the district court is AFFIRMED.